UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**BRIAN KRITCHER,**
on behalf of himself and all other persons similarly
situated, known and unknown,

       Plaintiff,

                                             Case No: 2:16-cv-12637-BAF-EAS
vs.                                           Hon. Bernard A. Friedman

**PRUDENTIAL SECURITY, INC. and**
**GREGORY WIER**
a Michigan for-profit corporation
and its corporate officer,

       Defendants.
_____/

Bryan Yaldou (P70600)
Omar Badr (P70966)
THE LAW OFFICES OF
BRYAN YALDOU, PLLC
23000 Telegraph, Suite 5
Brownstown, MI 48134
Phone: (734) 692-9200
Fax: (734) 692-9201
bryan@yaldoulaw.com

*Attorneys for Plaintiff*
_____/

**PLAINTIFF'S AMENDED COMPLAINT AND JURY DEMAND**

      NOW COMES Plaintiff, Brian Kritcher ("Plaintiff Kritcher"), by and through his attorneys, THE LAW OFFICES OF BRYAN YALDOU, PLLC, and for his Complaint against Defendant Prudential Security, Inc. ("Defendant Prudential Security") and Defendant Gregory Wier ("Defendant Wier") and hereby alleges the following:

1

**INTRODUCTORY STATEMENT**

1. This is a civil action seeking relief under the provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* Plaintiff was an employee of Defendants whose rights under this statute have been violated. Plaintiff now seeks to recover the benefits due to him from Defendants under the FLSA as a result of Defendants' failure to pay overtime wages to Plaintiff.

2. Plaintiff seeks a declaration that his rights under the FLSA have been violated, an award of the unpaid wages owed to him, an award of liquidated damages in an amount equal to the unpaid wages owed to him, and an award of reasonable attorneys' fees and costs, as provided for in the FLSA, in order to compensate him for damages suffered and to ensure that future employees will not suffer as a result of such illegal conduct on the part of Defendants in the future.

**JURISDICTION AND VENUE**

3. Plaintiff hereby repeats and realleges the preceding paragraphs as though fully set forth herein.

4. This Court has federal question jurisdiction over Plaintiff's FLSA claim pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. The annual gross volume of sales made or business done by Defendants exceeds $500,000.00, exclusive of excise taxes, and they are engaged in interstate commerce.

6. Venue is proper in this District, pursuant to 28 U.S.C. § 1391(a) and 1391(b), because Plaintiff resides in this District, worked for Defendants in this District, and suffered the damages at issue in this District, because Defendants have significant business contacts within this District, and because the actions and events giving rise to Plaintiff's claims occurred in this District.

## PARTIES

7. Plaintiff hereby repeats and realleges the preceding paragraphs as though fully set forth herein.

8. Plaintiff Kritcher is an adult citizen of the State of Michigan, who resides in this judicial district.

9. Defendant Prudential Security is a for-profit Michigan corporation with its principal place of business located at 20600 Eureka Rd, Suite 900 Taylor, MI 48180.

10. Defendant Wier, upon information and belief to be true, owns or controls the places of employment at issue in this case, employs all individuals covered by Plaintiff's claims, and is responsible for complying with the provisions of the FLSA. Defendant Wier is an owner and corporate officer who controls the operations of the business at issue.

## STATEMENT OF MATERIAL FACTS

11. Plaintiff hereby repeats and realleges the preceding paragraphs as though fully set forth herein.

12. Plaintiff was engaged by Defendants to work as a security guard in a supervisory role.

13. Plaintiff was a non-exempt employee of Defendants and is covered by the FLSA. Therefore, Plaintiff should have been paid in compliance with the FLSA's minimum wage and overtime wage provisions. 29 U.S.C. §§ 206, 207.

14. Plaintiff's regular rate of pay was $11 per hour. (Exhibit B).

15. During the entirety of the time that Plaintiff worked for Defendants, he was never paid at one and one-half of his regular rate of pay for the hours he worked that exceeded 40 hours worked in a workweek. (Exhibit A).

16. Plaintiff worked over 40 hours a week almost every week that he worked for Defendants in his two and a half years of employment. (Exhibit B).

17. Even though he was a non-exempt employee, when Plaintiff approached his employers about not being paid at the mandatory overtime wage rate, he was told that employers do not pay the overtime premium for his position. (Exhibit A).

18. Therefore, Plaintiff is entitled to the overtime premium of one and one-half times his regular rate of pay for hours worked in excess of 40 hours in a workweek and liquidated damages equal to the amount of the unpaid overtime wages. 29 U.S.C. §§ 207, 216(b).

19. In addition to the overtime violation of the FLSA, Defendants violated the minimum wage provision of the FLSA by not paying Plaintiff his second-to-last paycheck on his regular payday. 29 U.S.C. § 206. (Exhibit A).

20. Even though his regular paydays were Fridays, Plaintiff was not paid his second to last paycheck until 6 days after his regular payday. (Exhibit A). In an act of intimidation, Defendants' tried to require Plaintiff to meet with Gregory Wier as a condition of receiving his second to last paycheck when they learned Plaintiff was leaving the company. (Exhibit A).

21. This is a clear violation of the FLSA's requirement to pay wages free and clear on the regular pay period. 29 U.S.C. § 206; 29 C.F.R. § 790.21(b).[1]

22. Defendants willfully failed to pay Plaintiff his wages earned on his regular payday as required by FLSA.

---

[1] *See also*, Department of Labor Field Operation Handbook 30b04; *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 708 (1945); *Biggs v. Wilson*, 1 F.3d 1537 (9th Cir. 1993); *Herman v. Fabri-Centers of Am., Inc.*, 308 F.3d 580, 591 (6th Cir. 2002); *Mathis v. Quicken Loans, Inc.*, 2007 U.S. Dist. LEXIS 82923, *20 (E.D. Mich. Sept. 7, 2007) (Exhibit E); *Salazar v. Brown*, 1996 U.S. Dist. LEXIS 18113, *27 (W.D. Mich. Apr. 9, 1996) (Exhibit F).

4

23. Therefore, Plaintiff is entitled to liquidated damages for Defendant's failure to pay wages on his regular paydays in violation of 29 U.S.C. § 206. 29 U.S.C. § 216(b).

### COLLECTIVE ACTION ALLEGATIONS

24. Plaintiff hereby repeats and realleges the preceding paragraphs as though fully set forth herein.

25. Plaintiff brings this FLSA claim in this action as a collective action under 29 U.S.C. §216(b).

26. Plaintiff asserts this claim on behalf of himself, and on behalf of all similarly situated employees employed by Defendants in the last three years, who were not paid all compensation required by the FLSA as a result of Defendants' compensation policies and practices.

27. Plaintiff seeks to notify the following employees of their right under 29 U.S.C. § 216(b) to join this action by filing in this Court written notice of their consent to join the action:

> All individuals who worked at any time during the past three years for Defendants as a security guard in a supervisory role, who were paid for their work on an hourly basis, and who were not paid an overtime premium of one and one-half times their regular rate of pay for hours worked over 40 hours in any particular workweek.

28. The FLSA provides for a three-year statute of limitations for causes of action arising out of a willful violation of that Act. 29 U.S.C. § 255. As alleged above, Plaintiff's and similarly situated employees' claims arise out of Defendants' willful violations of the FLSA. Accordingly, this Court should require appropriate notice of this action be given to all current and former employees employed by Defendant within three years from the filing of this Complaint.

29. On information and belief, Defendants have employed dozens of employees who worked as hourly security guards with a supervisory role during the period relevant to this action because Defendants operate in 18 different states. (Exhibit C).

30. Plaintiff believes that all security guards who worked in supervisory roles were not paid the overtime premium required by the FLSA. When he inquired about overtime and holiday pay, Diane Banks, a manager of Defendant Prudential Security, wrote to him and said that his position did not pay holiday pay. (Exhibit D). When he asked for an explanation in writing for why he was not paid overtime wages, Diane Banks refused to answer in writing and called Plaintiff. (Exhibit A). She explained that security guards in his position do not receive overtime wages and that the issue was out of her control. (Exhibit A). Because of multi-state nature of Defendant's business and Diane Banks' explanation that security guards in his position do not receive overtime pay, Plaintiff believes that there are dozens of employees that are similarly situated to him and their rights under the FLSA have also been violated.

31. The identities of these current and former employees, as a group, are known only to Defendants. Because the numerous members of this collective action are unknown to Plaintiff, joinder of each member is not practicable.

32. Because these similarly situated employees are readily identifiable to the Defendants and may be located through their records, they may be readily notified of this action and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their FLSA claims.

33. Collective adjudication is appropriate in this case because the employees whom Plaintiff wishes to notify of this action have been employed in positions similar to Plaintiff's; have performed work similar to Plaintiff; and have been subject to compensation practices similar to

those to which Plaintiff is subject, including unlawful failure to pay overtime premium for hours worked over 40 hours in a workweek.

## COUNT I
## Violation Of The FLSA – Failure To Pay Overtime Premium

34. Plaintiff hereby repeats and realleges all preceding paragraphs as though fully set forth herein.

35. Plaintiff was an "employee" of Defendants, as that term is defined by the FLSA, 29 U.S.C. § 203(e), because Defendants "suffered or permitted" Plaintiff to work for them.

36. Defendants were Plaintiff's "employers," as defined by the FLSA, 29 U.S.C. § 203(d), because Defendants "suffered or permitted" Plaintiff to work for them.

37. Defendant Prudential Security is an "enterprise" as defined by the FLSA, 29 U.S.C. § 204(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

38. Defendants are required to comply with the requirements of the FLSA, and Plaintiff was a covered employee entitled to the protections of the FLSA. Therefore, Plaintiff was not exempt overtime provisions of the FLSA.

39. The overtime provision of FLSA, 29 U.S.C. § 207, requires employers to pay an overtime premium of one and one-half times an employee's regular rate for every hour worked in excess of 40 hours in a workweek.

40. Plaintiff worked over 40 hours a week almost every single week that he worked for Defendants during his two-and-a-half-years of employment. (Exhibit C).

41. When Plaintiff inquired why he did not receive the overtime premium required by the FLSA, Diane Banks, a manager of Defendants, refused to answer his question in writing and

called him and responded that employees in his position are not paid the overtime premium for hours worked in excess of 40 hours in a workweek. (Exhibit A).

42. Defendants knew that Plaintiff was paid on an hourly basis and was entitled to receive the FLSA's overtime premium for hours worked over 40 hours in a workweek, but decided to deny that right to Plaintiff.

43. Defendants willfully violated the FLSA and therefore Plaintiff is entitled to the three year statute of limitations for his damages.

**WHEREFORE**, Plaintiff respectfully requests that the court enter judgment against Defendants and in favor of Plaintiff, declare that Defendants willfully violated the overtime wage provision of the FLSA, and grant Plaintiff compensatory damages in an amount to be determined at trial, along with liquidated damages in an amount equal to their compensatory damages, and reasonable attorneys' fees and costs incurred in prosecuting this claim, as provided for in 29 U.S.C. § 216(b).

**COUNT II**
**Violation of the FLSA- Failure to Pay Wages on Regular Payday**

44. Plaintiff hereby repeats and realleges all preceding paragraphs as though fully set forth herein.

45. Plaintiff was an "employee" of Defendants, as that term is defined by the FLSA, 29 U.S.C. § 203(e), because Defendants "suffered or permitted" Plaintiff to work for them.

46. Defendants were Plaintiff's "employers," as that term is defined by the FLSA, 29 U.S.C. § 203(d), because Defendant "suffered or permitted" Plaintiff to work for Defendants.

47. Defendant Prudential Security is an "enterprise" as that term is defined by the FLSA, 29 U.S.C. § 204(r)(l), and is engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(l).

48.     Defendants are required to comply with the requirements of the FLSA.

49.     Plaintiff was an employee covered by the protections of the FLSA and was not exempt from the minimum wage and overtime wage requirements of the FLSA.

50.     The minimum wage provision of the FLSA, 29 U.S.C. § 206, require that "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages."

51.     29 C.F.R. § 790.21(b) states that an employee's "cause of action under the [FLSA] for unpaid minimum wages or unpaid overtime compensation and for liquidated damages 'accrues' when the employer failed to pay the required compensation for any workweek at the regular pay day for the period in which the workweek ends."

52.     Defendants had an obligation under the FLSA to pay Plaintiff on his regular payday and Defendants refused to do so. Defendants tried to intimidate Plaintiff by withholding his paycheck for this period in violation of the FLSA's minimum wage requirement.

53.     Therefore, Plaintiff is entitled to liquidated damages for the paycheck that was withheld from him for a period of six days in violation of 29 U.S.C. § 206.

**WHEREFORE**, Plaintiff respectfully requests that the court enter judgment against Defendants and in favor of Plaintiff, declare that Defendants willfully violated the minimum wage provision of the FLSA, and grant Plaintiff liquidated damages in an amount equal to their his second to last paycheck, and reasonable attorneys' fees and costs incurred in prosecuting this claim, as provided for in 29 U.S.C. § 216(b).

## COUNT III
### Corporate Officer Liability of Defendant Wier for Violations of the FLSA

54. Plaintiff hereby repeats and realleges all preceding paragraphs as though fully set forth herein.

55. Defendant Wier was Plaintiff's employer under 29 U.S.C. 203(e) because he "suffered or permitted" Plaintiff to work for him.

56. Defendant Wier, upon information and belief to be true, is a corporate officer of Defendant Prudential Security and has ownership interest in the enterprise. Defendant Wier has operational control of the business.

57. As an employer of Plaintiff and putative class members, Defendant Wier is required to comply with the requirements of the FLSA.

58. Upon information and belief to be true, Defendant Wier has firsthand knowledge that the policy and practice of not paying the overtime premium is a violation of the FLSA. (Exhibit A).

59. Upon information and belief to be true, Defendant Wier was the direct supervisor of Diane Banks who ordered her not to pay security guards who worked as supervisors the overtime premium for hours worked in excess of 40 hours in a workweek. (Exhibit A).

60. Also, Defendant Wier personally withheld Plaintiff's second to last paycheck in violation of the FLSA's minimum wage requirement. (Exhibit A).

61. Defendant Wier willfully failed to comply with the minimum wage and overtime wage provisions of the FLSA.

62. Under the theory of Corporate Officer Liability adopted by this circuit in *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 965 (1991), Defendant Wier is jointly and severally liable for the violations of the FLSA.

**WHEREFORE**, Plaintiff respectfully requests that the court enter judgment against Defendants and in favor of Plaintiff, declare that Defendants willfully violated the minimum wage and overtime wage provisions of the FLSA, and grant Plaintiff compensatory damages in an amount to be determined at trial, along with liquidated damages in an amount equal to their compensatory damages, and reasonable attorneys' fees and costs incurred in prosecuting this claim, as provided for in 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all others similarly situated, respectfully request that the Court grant the following relief:

A.  The actions of Defendants complained of herein be adjudicated, decreed, and declared a violation of Defendants' obligations under the FLSA;

B.  Find that Defendant willfully violated the FLSA, and enter judgment in Plaintiff's favor and accordingly against Defendants, jointly and severally;

C.  Certify the federal-law claims in this case as a collective action under the FLSA, 29 U.S.C. § 216(b), and require that notice of their right to join this action by filing with this Court written consent to do so be given to all of Defendants' current and former employees who are similarly situated to Plaintiff;

D.  Declare the rights of the parties and provide commensurate injunctive relief;

E.  Award any compensatory damages due to Plaintiff for any unpaid wages together with an equal amount in liquidated damages according to the applicable statutes of limitations;

F.  Award liquidated damages to Plaintiff equal to the amount of unpaid back wages, pursuant to the FLSA;

G. Award prejudgment interest with respect to the total amount of unpaid compensation to the extent permitted by applicable law;

H. Establish a constructive trust, until further order of the Court, consisting of monies improperly withheld by Defendants due to its above-described improper conduct;

I. Award reasonable attorney's fees and costs to Plaintiff's counsel as allowed by applicable law and statute; and

J. Award such other and further relief as the Court deems just and appropriate.

## JURY DEMAND

NOW COMES Plaintiff, by and through his attorneys, THE LAW OFFICES OF BRYAN YALDOU, PLLC, on behalf of himself and others similarly situated, and hereby demands a trial by jury of the above entitled matter.

/s/Bryan Yaldou_____
Bryan Yaldou (P70600)
Omar Badr (P70966)
LAW OFFICES OF
BRYAN YALDOU, PLLC
23000 Telegraph, Suite 5
Brownstown, MI 48134
Phone: (734) 692-9200
Fax: (734) 692-9201
bryan@yaldoulaw.com
*Attorneys for Plaintiff*

Dated: September 15, 2016