UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN KRITCHER,

                Plaintiff

v.

PRUDENTIAL SECURITY, INC. and
GREGORY WIER,

                Defendants

Case No. 2:16-cv-12637

Honorable Bernard A. Friedman

| | |
|---|---|
| BRYAN YALDOU (P70600)<br>OMAR BADR (P70966)<br>Law Offices of Bryan Yaldou, PLLC<br>Attorney for Plaintiff<br>23000 Telegraph Rd., Ste 5<br>Brownstown, MI 48134<br>(734) 692-9200 | DOMINIC N. HAMDEN (P67745)<br>Law Office of Dominic N. Hamden, PLLC<br>Attorney for Defendants<br>18 W. Main St.<br>Milan, MI 48160<br>(734) 439-8884 |

## Defendants' Amended Response to Plaintiff's Amended Complaint

Now Comes the Defendants, Prudential Security, Inc., and Gregory Wier, by and through their attorney, Law Office of Dominic N. Hamden, for Defendants' Amended Response to Plaintiff's Amended Complaint and hereby states as follows:

1. Admits that the cause of action is based on the Fair Labor Standards Act. Denied that the Defendant is entitled to the relief under the act.

2. Neither admits nor denies. Pleader lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted. Specifically, Defendants cannot attest as to Plaintiff's desires or requests.

### Jurisdiction and Venue

3. Defendant hereby repeats and realleges the preceding paragraphs as through fully set forth herein.

4. Admits.

5. Neither admits nor denies. Pleader lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted.  Whether or not Defendant is engaged in interstate commerce is a question of law for this Court.

6. Admits.

## Parties

7. Defendant hereby repeats and realleges the preceding paragraphs as through fully set forth herein.

8. Admits.

9. Admits.

10. Denied for the reason that it is not true.  Defendant Wier does not employ individuals.

## Statement of Material Facts

11. Defendant hereby repeats and realleges the preceding paragraphs as through fully set forth herein.

12. Denied for the reason that it is not true.

13. Neither admits nor denies. Pleader lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted.  This statement is a statement of law and Plaintiff is left to its proofs in this regard.

14. Admits only that the Defendant was a salary employee and that his pay was commensurate with his position.

15. Admits only that the Defendant was a salary employee and that his pay was commensurate with his position.

16. Admits only that the Defendant was a salary employee and that his pay was commensurate with his position.

17. Admits only that the Defendant was a salary employee and that his pay was commensurate with his position.

18. Denied for the reason that it is not true.

19. Denied for the reason that it is not true.

20. Denied for the reason that it is not true.

21. Neither admits nor denies. Pleader lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted. This statement is a statement of law and Plaintiff is left to its proofs in this regard.

22. Denied for the reason that it is not true.

23. Neither admits nor denies. Pleader lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted. This statement is a statement of law and Plaintiff is left to its proofs in this regard.

## Collective Action Allegations

24. Defendant hereby repeats and realleges the preceding paragraphs as through fully set forth herein.

25. Neither admits nor denies. Pleader lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted. This statement is a statement of law and Plaintiff is left to its proofs in this regard. Denied that certification should be granted.

26. Neither admits nor denies. Pleader lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted. Defendant cannot attest as to the requests.

27. Neither admits nor denies. Pleader lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted. Defendant cannot attest as to the requests or intentions.

2

28. Neither admits nor denies. Pleader lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted. This statement is a statement of law and Plaintiff is left to its proofs in this regard. Denied that certification should be granted.

29. Neither admits nor denies. Pleader lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted. Defendant cannot attest as to the Plaintiff's beliefs.

30. Neither admits nor denies. Pleader lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted. Defendant cannot attest as to the Plaintiff's beliefs.

31. Denied that the relief sought should be granted.

32. Neither admits nor denies. Pleader lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted. This statement is a statement of law and Plaintiff is left to its proofs in this regard.

33. Denied that the relief sought should be granted.

## COUNT I
### Violation of the FLSA – Failure to Pay Overtime Premium

34. Defendant hereby repeats and realleges the preceding paragraphs as through fully set forth herein.

35. Neither admits nor denies. Pleader lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted. This statement is a statement of law and Plaintiff is left to its proofs in this regard.

36. Neither admits nor denies. Pleader lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted. This statement is a statement of law and Plaintiff is left to its proofs in this regard.

37. Neither admits nor denies. Pleader lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted. This statement is a statement of law and Plaintiff is left to its proofs in this regard.

38. Neither admits nor denies. Pleader lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted. This statement is a statement of law and Plaintiff is left to its proofs in this regard.

39. Neither admits nor denies. Pleader lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted. This statement is a statement of law and Plaintiff is left to its proofs in this regard.

40. Admits only that the Defendant was a salary employee and that his pay was commensurate with his position.

41. Admits only that the Defendant was a salary employee and that his pay was commensurate with his position.

42. Denied for the reason that it is not true.

43. Denied for the reason that it is not true.

## COUNT II
### Violation of the FLSA – Failure to Pay Wages on Regular Payday

44. Defendant hereby repeats and realleges the preceding paragraphs as through fully set forth herein.

45. Neither admits nor denies. Pleader lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted. This statement is a statement of law and Plaintiff is left to its proofs in this regard.

46. Neither admits nor denies. Pleader lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted. This statement is a statement of law and Plaintiff is left to its proofs in this regard.

47. Neither admits nor denies. Pleader lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted. This statement is a statement of law and Plaintiff is left to its proofs in this regard.

48. Neither admits nor denies. Pleader lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted. This statement is a statement of law and Plaintiff is left to its proofs in this regard.

49. Neither admits nor denies. Pleader lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted. This statement is a statement of law and Plaintiff is left to its proofs in this regard.

50. Neither admits nor denies. Pleader lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted. This statement is a statement of law and Plaintiff is left to its proofs in this regard.

51. Neither admits nor denies. Pleader lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted. This statement is a statement of law and Plaintiff is left to its proofs in this regard.

52. Denied for the reason that it is not true.

53. Denied for the reason that it is not true.

## COUNT III
### Corporate Officer liability of Defendant Wier for Violation of the FLSA

54. Defendant hereby repeats and realleges the preceding paragraphs as through fully set forth herein.

5

55. Denied for the reason that it is not true.

56. Admits only that Defendant Wier has an ownership interest. With regard to "operational control", Plaintiff is left to his proofs.

57. Denied that Defendant Wier is an employer of Plaintiff or any other individual.

58. Neither admits nor denies. Pleader lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted. Defendant Wier cannot attest as to Plaintiff's beliefs.

59. Denied for the reason that it is not true.

60. Denied for the reason that it is not true.

61. Denied for the reason that it is not true.

62. Neither admits nor denies. Pleader lacks knowledge or information sufficient to form a belief as to the truth of the matter asserted. This statement is a statement of law and Plaintiff is left to its proofs in this regard.

## PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request the following relief:

A. Dismiss the complaint filed in this case;

B. Deny the request for certification;

C. Deny the relief sought by the Plaintiff in his complaint;

D. Award Defendants costs and attorney's fees for having to defendant this matter; and

E. Grant Defendants such other relief that this Honorable Court deems equitable and just.

Dated: October 18, 2016

/s/ Gregory D. Wier
Gregory D. Wier, individual and on behalf of the Corporation

Dated: October 18, 2016

/s/ Dominic N. Hamden
Dominic N. Hamden (P67745)
Attorney for Defendants

18 West Main St.
Milan, MI 48160
(734) 439-8884
Fax: (734) 439-1254
dominichamden@gmail.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN KRITCHER,

Plaintiff

Case No. 2:16-cv-12637

v.

Honorable Bernard A. Friedman

PRUDENTIAL SECURITY, INC. and
GREGORY WIER,

Defendants

---

| | |
|---|---|
| BRYAN YALDOU (P70600) | DOMINIC N. HAMDEN (P67745) |
| OMAR BADR (P70966) | Law Office of Dominic N. Hamden, PLLC |
| Law Offices of Bryan Yaldou, PLLC | Attorney for Defendants/Counter-Plaintiff |
| Attorney for Plaintiff/Counter-Defendant | 18 W. Main St. |
| 23000 Telegraph Rd., Ste 5 | Milan, MI 48160 |
| Brownstown, MI 48134 | (734) 439-8884 |
| (734) 692-9200 | |

## Counter-Complaint for Damages

NOW COMES Counter-Plaintiff, Prudential Security, Inc., by and through its counsel,

Dominic N. Hamden for its Counter-Complaint for Damages, and hereby states as follows in

support of its Complaint:

1.     Counter-Plaintiff Prudential Security, Inc. is a Michigan Corporation doing

business in Wayne County, MI.

2.     Counter-Defendant Brian Kritcher is an individual residing in Wayne County,

Michigan.

3.     Jurisdiction and venue are proper in Eastern District of Michigan pursuant to 15

USC 3612.

### Facts

4.     Plaintiff incorporates by reference paragraphs one (1) through three (3) as if fully

restated herein.

8

5.      Counter-Defendant Kritcher worked previously for Plaintiff.  As a condition of his work, on January 27, 2014 Counter-Defendant signed a non-compete agreement. (Exhibit A).

6.      In 2016, Counter-Defendant Kritcher terminated his work with Plaintiff and began working for another security company.

### Count I – Breach of Contract-Sparks

7.      Counter-Plaintiff incorporates by reference paragraph one (1) through six (6) as if fully restated herein.

8.      Counter-Plaintiff and Counter-Defendant entered into a non-compete agreement preventing Counter-Defendant from working as a security officer for another security company. (Exhibit A).

9.      The terms of the contract were a proper subject matter recognized in the State of Michigan.

10.      Counter-Defendant breached the non-compete agreement by, in fact, violating almost every term of the non-compete and by obtaining work with another security company at the exact same location.

11.      Counter-Plaintiff has suffered damages by Counter-Defendant's violation.  More Specifically, Counter-Defendant's agreement with Counter-Plaintiff was subject to a liquidated damages clause.

12.      Accordingly, Plaintiff requests the Court enter a Judgment in favor of Counter-Plaintiff and against Counter-Defendant.

WHEREFORE, Counter-Plaintiff requests the following relief:

A.  Damages consistent with the liquidated damages provision contained in the parties' agreement;

B. An order preventing the Counter-Defendant from continuing to violate his non-compete agreement;

C. Attorney's fees; and

D. Whatever other relief this Honorable Court deems equitable and just.

Dated: October 18, 2016    /s/ Gregory D. Wier
               Gregory D. Wier
               For the Counter-Plaintiff

Dated: October 18, 2016    /s/ Dominic N. Hamden
               Dominic N. Hamden
               Attorney for Counter-Plaintiff
               18 West Main St.
               Milan, MI 48160
               (734) 439-8884
               Fax: (734) 439-1254
               dominichamden@gmail.com

EXHIBIT A

# EMPLOYEE NONCOMPETE AGREEMENT

THIS AGREEMENT made this _Jan_ the day of ___2-7___, 20 _14_, by and between PRUDENTIAL SECURITY, a Michigan Corporation, it's successors or assigns (PRUDENTIAL SECURITY) and _____ Brian Kritcher _____ (employee).

IN CONSIDERATION of the mutual covenants and agreements hereinafter contained, and for the good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties hereto agree as follows:

1. **Non-Competition,** Employee agrees that during the period of Employee's employment with PRUDENTIAL SECURITY, Inc. and for a period of two (2) years after the termination of Employees employment with PRUDENTIAL SECURITY for any reason (with or without cause), Employee will not within a one hundred (100) mile radius of employees assigned principal location (except in Employees capacity as an employee of PRUDENTIAL SECURITY and on the behalf of PRUDENTIAL SECURITY), directly or indirectly, either alone or in partnership or jointly of in conjunction with any person or persons, firm, association, syndicate, company or corporation as principal, agent, director, shareholder or in any other manner whatsoever:

   a. Perform any act with respect to the sale, attempted sale or promotion of the sale of any product or service to any person or entity where such solicitation or sale would involve products or services with those sold by PRUDENTIAL SECURITY or

   b. Contact, canvass, accept, solicit or induce, or attempt to contact, canvass accept, solicit or induce, any employee or agent of PRUDENTIAL SECURITY to terminate said employees relationship with PRUDENTIAL SECURITY or:

   c. Accept employment with or be employed by a firm, corporation, partnership or other business, engaged in selling products or services competitive with the products and/or services of PRUDENTIAL SECURITY or:

   d. Contact, canvass, accept, solicit or induce or attempt to contact, canvass, accept, solicit or induce and business from any customer or account of PRUDENTIAL SECURITY that existed during the course of Employees employment of PRUDENTIAL SECURITY or:

   e. Directly or indirectly request or advise and customer of account of SGPI that existed during the course of Employee's employment with PRUDENTIAL SECURITY to withdraw, curtail of cancel its business with PRUDENTIAL SECURITY or:

   f. Assist, aid or in any manner whatsoever help any firm, corporation, partnership or other business to compete with PRUDENTIAL SECURITY or:

   g. Disclose or utilize any confidential information pertaining to the business activities of PRUDENTIAL SECURITY, for the purpose of this agreement, confidential information includes, but is not limited to, any records or information pertaining to PRUDENTIAL SECURITY customers, client lists, price lists, training materials, company manuals, accounting records, or any other information regarding PRUDENTIAL SECURITY business, regardless of whether such information is a "trade secret". Upon termination, Employee shall promptly return to PRUDENTIAL SECURITY all originals and copies of such material in employees possession and control.

2.  Remedies,  Employee acknowledges that the covenants and agreements which Employee has made this agreement are reasonable and are required for the reasonable protection of PRUDENTIAL SECURITY and its respective relationships to customers, employees and agents. Employee agrees that the breach of any covenant of agreement contained in section 1 above will result in irreparable injury to the business of PRUDENTIAL SECURITY, that in addition to all other remedies provided by law or in the equity with respect to the breach of any provision of this Agreement, PRUDENTIAL SECURITY and its successors and assigns will be entitled to enforce the specific performance by Employee of Employee's obligations under Section 1 and to an injunction restraining and enjoining Employee from engaging in any activity in violation thereof and that no claim by employee against PRUDENTIAL SECURITY or its successors of assigns will constitute a defense or bar to the specific enforcement of such obligations. Employee agrees that PRUDENTIAL SECURITY and any successor of assign shall be entitled to recover all costs of enforcing any provision of this agreement including reasonable attorney fee's and costs of litigation.  Nothing herein shall be construed as prohibiting PRUDENTIAL SECURITY from pursuing other remedies available to it for such breach, including the recovery of damages from Employee.

3.  Liquidated Damages.  The damages resulting from a breach of section 1 hereof by Employee are uncertain and difficult of ascertainment.  The parties, therefore, as a reasonable mode of determining damages, agree that in the event Employees competes with PRUDENTIAL SECURITY in breach of Section 1 hereof, Employee shall pay to PRUDENTIAL SECURITY as liquidated damages a sum equal to __$100,000_____ which is hereby agreed to be a reasonable approximation of the damages which shall be done to PRUDENTIAL SECURITY business by such breach. In the event a court should deem the liquidated damages unawardable, an alternative damage amount shall be 100% of the annual billings for the customer(s) affected plus 50% of the annual wages of the Employee(s) affected.

4.  Exclusive Employment.  Employee agrees that he will work exclusively for PRUDENTIAL SECURITY and not on behalf of himself of any other employer during the term of his employment with PRUDENTIAL SECURITY, unless other employment is approved in advance by PRUDENTIAL SECURITY.

5.  Conformity.  Although the parties consider the restrictions contained herein to be reasonable for the protection of the business of PRUDENTIAL SECURITY, if the restrictions set forth in this Agreement are found by any court having jurisdiction to be unreasonable because too broad an extent as to the time period/or radius, then, and in that case, such restrictions shall nevertheless remain effective, but shall be considered amended to conform to such time and/or radius as may be considered reasonable by such court, and so as amended, shall be enforced.

6.  Limited Time.  Employee agrees that any claim arising out of a dispute by Employees regarding this agreement may only be brought if it is commenced within 180 days following the incident giving rise to such dispute and Employee hereby waives all other statutes of limitation to the contrary.  Employee's failure to commence such proceeding within 180 days shall result in the automatic release and waiver of any rights Employee may have had to prosecute such claims.

7.  At-Will.  Employee agrees, understands, and acknowledges that Employee's employment with PRUDENTIAL SECURITY is for an indefinite term and "At-Will" and may be terminated by PRUDENTIAL SECURITY or the Employee, at any time, for any reason, with or without cause, and without prior notice.

8.  Waiver of Breach.  The waiver by either party hereto of a breach of any provision of this Agreement by the other party shall not operate or be construed as a waiver of any subsequent breach.

9. Entire Understanding. This agreement supersedes and prior agreements and constitutes the entire understanding between the parties with reference to the subject matter hereof and shall not be changed, altered, modified of discharged, except in writing consented to by both parties.

10. Survival of Obligations. Employees obligations under Section 1 hereof shall survive the termination of Employee's employment, and notwithstanding such termination, shall remain fully binding by employee.

11. Binding Effect. This Agreement shall inure to the benefit of and be binding upon Employee's executors, administrators, legal representatives, heirs, and legatees and the successors and assigns of PRUDENTIAL SECURITY.

12. Governing Law and Waiver of Jury Trial. The law of the State of Michigan will govern all questions concerning the construction, validity and interpretation of this Agreement and the performance of the obligations imposed by this Agreement. The parties agree that in the event of any disputes hereunder, the parties hereby waive a trial by jury.

13. Review by Counsel. Employee hereby acknowledges that he/she has been given a meaningful opportunity to consult with counsel and to have this agreement reviewed by counsel prior to entry and has either done so or has waived this right.

IN WITNESS WHEREOF, the parties have executed this Agreement on the date first above written.


PRUDENTIAL SECURITY, a Michigan Corporation.

By: _____
Its: Manager


And By: _____
Its: Corporate representative "Employer"


_____
"Employee"