UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN KRITCHER,

    Plaintiff,                                          Civil Action No. 16-CV-12637

vs.                                                   HON. BERNARD A. FRIEDMAN

PRUDENTIAL SECURITY, INC., et al.,

    Defendants.

_____/

**OPINION AND ORDER DENYING DEFENDANTS'
EMERGENCY MOTION TO QUASH GARNISHMENTS**

This matter is presently before the Court on defendants' emergency motion to quash garnishments [docket entry 125]. Defendants argue that the writs of garnishment that plaintiff recently obtained from the Court and that he has served on various banks, *see* docket entries 105-124, should be quashed because "[n]o judgment has been entered" in the amount sought and because "[t]he amount stated on the garnishment appears nowhere in the court record and has not been submitted to the Defendants at all for approval." Defs.' Mot. ¶¶ 11, 12.

Defendants' motion is meritless. On May 2, 2019, the Court granted in part plaintiff's motion for attorney fees and ordered that "attorney Bryan Yaldou's hourly rate shall be reduced to $300/hour, attorney Elaina Bailey's hourly rate shall be reduced to $200/hour, and the number of hours claimed shall be reduced by twelve percent." The Court also awarded plaintiff costs in the amount of $2,576.64. In February 2020, the court of appeals affirmed this order. *See Kritcher v. Prudential Sec., Inc.*, No. 19-1556 (6th Cir. Feb. 4, 2020).

While the Court did not calculate the amount of attorney fees at issue, the math is simple. In his motion for attorney fees, plaintiff claimed that attorney Yaldou, attorney

Bailey, and paralegal Miller spent 110.40 hours, 133.60 hours, and 10.30 hours, respectively, working on this case. *See* Pl.'s Counsel's Mot. for Approval of Attys' Fees and Costs, Ex. B ¶ 11. The Court reduced all hours claimed by twelve percent, and determined that Yaldou's, Bailey's, and Miller's hourly rates should be $300, $200, and $80, respectively. Therefore, the Court awarded fees in the following amounts:

> Yaldou: 110.40 hours minus 12% (13.25) = 97.15 hours x $300 = $29,145
>
> Bailey: 133.60 hours minus 12% (16.03) = 117.57 hours x $200 = $23,514
>
> Miller: 10.30 hours minus 12% (1.24) = 9.06 hours x $80 = $724.80

The sum of these amounts is $53,383.80. Including costs ($2,576.64), the total award in this matter was $55,960.44.[1]

The Court rejects defendants' argument that the writs should be quashed because they are not supported by a judgment. An award of attorney fees need not be reduced to judgment. *See* Fed. R. Civ. P. 58(a)(3). Defendants themselves apparently recognized this, as they appealed the Court's order granting in part plaintiff's motion for attorney fees despite the fact that no judgment awarding fees and costs had been entered.

Defendants' assertions that at the April 30, 2019, hearing plaintiff "was seeking fees in the amount of approximately $55,000.00" and that "a simple reduction of just the 12%

---

[1] The writs of garnishment that plaintiff obtained from the Court and that he served on various banks state that "[p]laintiff received a judgment against defendant for $51,057.16," that interest in the amount of $122.44 has accrued, and that the sum of these two figures ($51,197.60) remains unsatisfied. *See, e.g.,* docket entry 105. The Court notes the difference between the award as calculated by the Court ($55,960.44) and as calculated by plaintiff ($51,057.16). If any correction in the writs is called for, it would be to reissue them in the higher amount, but that is not presently before the Court.

would have reduced the $55,000.00 award by over $6,500.00 and any potential judgment below the amount listed on the garnishment" are factually incorrect. Defs.' Br. at 3-4. Plaintiff sought "$71,111.50 in attorneys' fees and $2,576.64 in actual costs," Pl.'s Counsel's Mot. for Approval of Attys' Fees and Costs (docket entry 63) at ii, and he repeated these figures at the April 30, 2019, hearing. *See* Hr'g Tr. (docket entry 71) at 8. Notwithstanding defendants' assertion to the contrary, plaintiff did not seek "approximately $55,000.00" Further, the Court's award of fees in the amount of $53,383.80 already included the twelve percent reduction to which defendants refer. Defendants' suggestion that an additional twelve percent should be subtracted is unfounded and appears to be based on a misunderstanding of the Court's ruling.

The writs of garnishment in this matter are proper. They are supported by this Court's order awarding fees and costs, and the amount indicated on the writs as unsatisfied is not greater than the amount awarded by the Court and affirmed on appeal. Accordingly,

IT IS ORDERED that defendants' emergency motion to quash garnishments is denied.

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
Dated:  August 31, 2020                SENIOR UNITED STATES DISTRICT JUDGE
        Detroit, Michigan